CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **GORDON TAYLOR,** ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00039 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Gordon Taylor, a federal inmate proceeding pro se, filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680. The action is presently before the court on the plaintiff's motion for a temporary restraining order. The plaintiff states that a temporary restraining order is necessary in case "any of the named defendant's [sic] or BOP subordinate's [sic] attempt to induce some type of 'adverse actions,' for the filing" of this action. For the following reasons, the plaintiff's motion will be denied.

In deciding whether to grant a temporary restraining order or a preliminary injunction, the court must normally consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunctive relief is not granted; (2) the likelihood of harm to the defendants if injunctive relief is granted; (3) the plaintiff's likelihood of succeeding on the merits of the action; and (4) the public interest. Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). The plaintiff bears the burden of establishing that these factors support granting a temporary restraining order. Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991). The likelihood of irreparable harm to the plaintiff is one of the two most important factors. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991).

Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Id. at 360.

Having reviewed the plaintiff's allegations, the court concludes that the plaintiff's motion for a temporary restraining order must be denied. The plaintiff's allegations simply fail to establish that he is at risk of any imminent, irreparable harm. While the plaintiff speculates that prison officials may retaliate against him for filing this action, such speculation is insufficient to warrant a temporary restraining order.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This ____ day of February, 2006.

_____
United States District Judge