Taylor v. United States Of America et al                                                                         Doc. 18

```
                                              CLERK'S OFFICE U.S. DIST. COURT
                                                    AT ROANOKE, VA
                                                         FILED
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF VIRGINIA       MAR 09 2006
                  ROANOKE DIVISION
                                              JOHN F. CORCORAN, CLERK
                                              BY:
                                                     DEPUTY CLERK
```

**GORDON TAYLOR,**
    Plaintiff,                       Civil Action No. 7:06-CV-00039

                                  **MEMORANDUM OPINION**

**UNITED STATES OF AMERICA,**      By: Hon. Glen E. Conrad
    **Defendant.**                       United States District Judge

The plaintiff, Gordon Taylor, a federal inmate proceeding pro se, filed this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671-2680. The plaintiff has now filed a "motion for leave to taxed cost" (docket #15), in which he argues that an action under the FTCA is not a civil action for purposes of the filing fee provision of the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915. Therefore, the plaintiff contends that he does not have to pay the full filing fee.[1] For the following reasons, the plaintiff's motion will be denied.

Pursuant to § 1915, a prisoner who brings a "civil action" is required to pay the full filing fee. 28 U.S.C. § 1915(b)(1). The plaintiff concedes that federal tort claims are civil in nature. Nonetheless, he contends that they are not "civil actions" within the meaning of the PLRA. Instead, the plaintiff suggests that Congress only intended for the PLRA to apply to prisoner civil rights cases, such as those filed under 42 U.S.C. § 1983. "Although ... Congress primarily targeted prisoner civil rights cases in enacting the filing fee provision of the PLRA, the text of the Act is not limited to such actions." United States v. Jones, 215 F.3d 467, 469 (4th Cir. 2000) (citing to Smith v. Angelone, 111 F.3d 1126, 1130 (4th Cir. 1997). "Instead, Congress chose to make this filing fee provision applicable to all 'civil actions.'" Id.

The plaintiff also suggests that actions under the FTCA should be treated like habeas corpus

---

[1] Pursuant to 28 U.S.C. § 1914(a), the fee for filing a civil action is $250.00 .

Dockets.Justia.com

actions, which are not civil actions for purposes of § 1915(b)(1). See Smith, 111 F.3d at 1130-1131. However, the reasons for excluding habeas actions from the filing fee provision of the PLRA do not apply to FTCA actions. For instance, in Smith, the United States Court of Appeals for the Fourth Circuit noted that habeas actions are, in effect, a hybrid of criminal and civil. Id. at 1130. Additionally, in determining that Congress did not intend for the PLRA's "three strikes" provision to bar access to habeas relief, the Fourth Circuit distinguished the "long tradition of ready access of prisoners to federal habeas corpus" from "their access to tort remedies." Id. at 1131 (internal quotation marks omitted).

For the reasons stated, the court concludes that an action under the FTCA is a civil action for purposes of the PLRA's filing fee provision. Therefore, the court will deny the plaintiff's motion.[2] The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 8th day of March, 2006.

                                              United States District Judge

---

[2] The court notes that the plaintiff has also moved to proceed to without prepayment of the filing fee. By separate order, the court will grant that motion.