```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
            FILED
         JUN 29 2006
   JOHN F. CORCORAN, CLERK
   BY:
            DEPUTY CLERK
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| GORDON TAYLOR,<br>    Plaintiff, | Civil Action No. 7:06CV00039 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Defendant. | By: Hon. Glen E. Conrad<br>United States District Judge |

Gordon Taylor, a federal inmate proceeding pro se, filed this civil action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671-2680. The case is presently before the court on the motion for summary judgment filed by the United States. For the reasons set forth below, the court will grant the motion for summary judgment.

### Factual and Procedural Background

Taylor is incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. On June 28, 2005, he was removed from his cell in the general population area of the prison and placed in the special housing unit. That same day, correctional officers collected Taylor's property from his cell and forwarded the property to the special housing unit to be inventoried and stored.

On July 8, 2005, Taylor was provided the opportunity to review his property and the accuracy of the property inventory. Upon performing this review, Taylor signed section 10(a) of the Inmate Personal Property Record, certifying the accuracy of the inventory. Section 10(a) provides as follows:

> The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to

> articles listed as donated, receipt of all allowable items, and receipt
> of a copy of the inventory. When the inmate claims a discrepancy in
> the inventory, the receiving officer shall attempt to resolve that
> discrepancy. If the inmate states that there is missing or damaged
> property, this information should be noted under Comments.

Taylor signed section 10(a) without noting any missing or damaged property.

That same day, Taylor was released from the special housing unit. He was again provided the opportunity to review his property and note any property that was missing or damaged. Taylor subsequently signed section 10(b) of the Inmate Personal Property Record, which provides as follows:

> Upon release of the inmate from the unit, detention, etc., the
> releasing officer is to give the inmate that property stored as a result
> of the inmate's housing. The inmate certifies release of the property,
> except as noted on this form, and receipt of a copy of the inventory
> by signing below. When the inmate claims a discrepancy in the
> inventory, the releasing officer shall attempt to resolve that
> discrepancy. If the inmate states that there is missing or damaged
> property, this information should be noted under Comments.

Taylor signed section 10(b) without noting any missing or damaged property.

On July 22, 2005, Taylor filed an administrative claim with the Federal Bureau of Prisons seeking damages in the amount of $25,000 under the FTCA. Taylor alleged that a Sony radio, Koss headphones, a plastic bowl, a watter bottle, an inmate ID, various commissary items, and six books were lost or misplaced when he was transferred to the special housing unit. On September 23, 2005, the Bureau of Prisons denied Taylor's administrative claim. The Bureau of Prisons noted that Taylor had signed sections 10(a) and (b) of the Inmate Personal Property Record without noting any discrepancies, and that there was no evidence that any act or omission by a government employee was a factor in Taylor's loss.

2

Taylor filed this action for monetary damages on January 17, 2006. Taylor alleges various acts of negligence that purportedly caused his property to be lost or misplaced. The United States filed a motion for summary judgment on May 30, 2006. On May 31, 2006, the court directed Taylor to file a response to the motion within twenty days. As of this date, Taylor has not responded to the motion for summary judgment. Since the twenty-day period has now expired, the motion is ripe for review.

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## Discussion

The FTCA provides, in pertinent part, that the United States may be held liable for the loss of personal property "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). In this case, the alleged loss of property occurred in Virginia. Therefore, the substantive law of Virginia applies. See Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

3

To establish a claim for negligence under Virginia law, a plaintiff must prove three essential elements: (1) the existence of a duty; (2) the breach of that duty; and (3) consequent injury. Jappell v. American Assoc. of Blood Banks, 162 F. Supp. 2d 476, 479 (E.D. Va. 2001) (citing Chesapeake and Potomac Telephone v. Dowdy, 235 Va. 55, 61, 365 S.E.2d 751, 754 (Va. 1988)). In this case, Taylor has failed to produce any evidence to establish that prison officials breached any duty owed to him. First, there is simply no evidence that Taylor even possessed the property at issue at the time he was moved to the special housing unit. Moreover, it is undisputed that Taylor was given the opportunity to examine his property and the property inventory upon his release from the special housing unit, and that Taylor did not report any discrepancies on that date. Taylor has provided no evidence to refute the accuracy of the property inventory. Consequently, the court concludes that there is no genuine issue of material fact and that the United States is entitled to judgment as a matter of law.*

## Conclusion

For the reasons stated, the court will grant the motion for summary judgment filed by the United States. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This ____ day of June, 2006.

_____
United States District Judge

---

*The court notes that although it is unclear from his complaint, Taylor appears to suggest that he endured mental suffering. However, because Taylor makes no allegation of any physical injury, he cannot recover monetary damages for mental or emotional injury. The Prison Litigation Reform Act specifically states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

4