CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 11 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GORDON TAYLOR, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06CV00039 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

Gordon Taylor, a federal inmate proceeding pro se, filed this civil action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671-2680. Taylor sought to recover monetary damages for personal property that was allegedly lost or misplaced while he was housed in the special housing unit. Taylor also sought to recover monetary damages for emotional suffering. The court granted the defendant's motion for summary judgment on June 29, 2006. The plaintiff has now filed a motion for reconsideration. For the reasons set forth below, the court will deny the plaintiff's motion.

## Factual and Procedural Backgound

Taylor is incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. On June 28, 2005, he was removed from his cell in the general population area of the prison and placed in the special housing unit. That same day, correctional officers collected Taylor's property from his cell and forwarded the property to the special housing unit to be inventoried and stored. The officers responsible for performing the property inventory noted over 100 items on the Inmate Personal Property Record.

Taylor remained in the special housing unit until July 8, 2005. On that date, Taylor signed sections 10(a) and (b) of the Inmate Personal Property Record. By signing those sections, Taylor "certifie[d] the accuracy of the inventory," and affirmed that he had "reviewed the property returned

to [him]." (Def.'s Ex. A). No missing property or discrepancies in the inventory were noted on the form.

On July 22, 2005, Taylor filed an administrative claim with the Federal Bureau of Prisons seeking damages in the amount of $25,000 under the FTCA. Taylor alleged that a Sony radio, Koss headphones, a plastic bowl, a watter bottle, an inmate ID, various commissary items, and six books were lost or misplaced when he was transferred to the special housing unit. On September 23, 2005, the Bureau of Prisons denied Taylor's administrative claim. The Bureau of Prisons noted that Taylor had signed sections 10(a) and (b) of the Inmate Personal Property Record without noting any discrepancies, and that there was no evidence that any act or omission by a government employee was a factor in Taylor's loss.

Taylor filed this action on January 17, 2006. Taylor alleged various acts of negligence that purportedly caused his property to be lost or misplaced. The United States filed a motion for summary judgment on May 30, 2006. On May 31, 2006, Taylor was given notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and allowed twenty days to file a response. Twenty-nine days later, the court granted the motion for summary judgment. At that time, Taylor had not filed a response. The court concluded that Taylor had failed to establish that prison officials had negligently lost or misplaced his personal property. The court also concluded that Taylor could not recover monetary damages for any alleged emotional suffering, since he made no allegation of any physical injury. See 42 U.S.C. § 1997e(e). On July 7, 2006, thirty-seven days after the Roseboro notice was entered, the court received Taylor's response to the motion for summary judgment. Taylor has now filed a motion for reconsideration.

2

**Discussion**

In his motion for reconsideration, Taylor argues that he placed his response to the summary judgment motion in the prison mailbox within the twenty-day period required by the Roseboro notice. Although Taylor's response was postmarked June 30, 2006, the attached certificate of service indicates that the response was delivered to prison officials for mailing and, therefore, filed on June 23, 2006. See Houston v. Lack, 487 U.S. 266 (1988). Assuming that Taylor's certificate of service is accurate, and adding three days for service by mail, Fed. R. Civ. P. 6(e), the court will consider Taylor's response timely filed, and reexamine its earlier decision in light of the arguments raised in the response.

First, Taylor argues that staff members within the special housing unit failed to properly secure his personal property in accordance with the applicable regulations. Second, Taylor argues that he signed the Inmate Personal Property Record upon his release from the special housing unit, and that there is no evidence that he saw or inventoried his property while he was housed in that unit. Third, Taylor argues that the United States should be required to "release all ledgers, log books, memorandums [sic], SOR reports, and SHU records" verifying that his property was inventoried while he was in the special housing unit. Finally, Taylor argues that 42 U.S.C. § 1997e(e) does not apply to claims filed under the FTCA.

    1.    Missing Property

The FTCA provides, in pertinent part, that the United States may be held liable for personal injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the

3

law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In this case, the alleged injury or loss of property occurred in Virginia. Therefore, the substantive law of Virginia applies. See Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). To establish a claim for negligence under Virginia law, a plaintiff bears the burden of proving three essential elements: (1) the existence of a duty; (2) the breach of that duty; and (3) consequent injury. Jappell v. American Assoc. of Blood Banks, 162 F. Supp. 2d 476, 479 (E.D. Va. 2001) (citing Chesapeake and Potomac Telephone v. Dowdy, 235 Va. 55, 61, 365 S.E.2d 751, 754 (Va. 1988)).

Taking Taylor's response into account and viewing the evidence in the light most favorable to him, the court concludes that Taylor has failed to establish that prison officials breached any duty owed to him with respect to his personal property. First, there is simply no evidence that Taylor even possessed the property at issue on the date he was moved to the special housing unit. Moreover, it is undisputed that Taylor had the opportunity to review the property inventory on July 8, 2005, when he signed sections 10(a) and (b) of the Inmate Personal Property Record,[1] and that Taylor did not report any discrepancies at that time. By signing sections 10(a) and (b), Taylor "certifie[d] the accuracy of the inventory," and affirmed that he had "reviewed the property returned to [him]." (Def.'s Ex. A). Although Taylor now suggests that he unintentionally signed those sections, he has failed to produce any evidence to establish that the property inventory was inaccurate or that particular items were, in fact, missing when his property was returned to him.[2]

---

[1] The property inventory is located at the top of the Inmate Personal Property Record. As previously stated, the inventory lists over 100 items that were collected from Taylor's cell.

[2] The court notes that neither Taylor's complaint nor his response to the motion for summary judgment even identifies all of the items that were allegedly missing when he was released from the special housing unit.

4

For these reasons, the court remains convinced that the United States is entitled to summary judgment with respect to Taylor's property claim.

2. Emotional Suffering

Taylor's complaint also appeared to suggest that he was entitled to monetary damages for emotional suffering that he allegedly endured as a result of the missing property, and as a result of being placed in the special housing unit. The court agreed with the United States that any claim for damages for emotional suffering was barred by 42 U.S.C. § 1997e(e),[3] since there was no allegation of physical injury. Although Taylor now argues that § 1997e(e) does not apply to claims filed under the FTCA, the court disagrees. The plain language of the statute makes no distinction between different types of civil actions filed by inmates. See § 1997e(e); Stephens v. Yusuff, 95 Fed. Appx. 78 (5th Cir. 2004) (holding that the inmate's FTCA claims were barred by § 1997e(e)); Oriakhi v. Wood, 2006 U.S. Dist. LEXIS 20031, *21-22 (M.D. Pa. 2006) (same). In any event, Taylor's claims for emotional suffering are barred by the FTCA itself. The FTCA specifically prohibits inmates from filing suit against the United States "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2). Thus, because Taylor has made no showing of physical injury, any claims for emotional suffering must be dismissed.

**Conclusion**

For the reasons stated, the court will deny Taylor's motion for reconsideration. The Clerk is directed to send certified copies of this opinion and the accompanying order to Taylor and

---

[3] Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

5

counsel of record for the United States.

    **ENTER**: This \_\_11th\_\_ day of August, 2006.

                                                        /s/ Jack Conrad
                                                     United States District Judge